# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lashify, Inc.<br><br>    Plaintiff (Complainant)<br><br>    v.<br><br>KISS Nail Products, Inc.<br><br>    Defendant (Respondent) | Misc. Action No. _____ |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
### (LETTER ROGATORY)

The United States District Court for the District of Columbia presents its compliments to the Appropriate Judicial Authority of Indonesia, and requests international judicial assistance to obtain evidence to be used at an evidentiary hearing in a pending administrative proceeding before the United States Trade Commission ("Commission"), Investigation No. 337-TA-1226, *Certain Artificial Eyelash Extension Systems, Products, and Components Thereof* ("the 1226 Investigation") This Court has authority to submit this Letter Rogatory under 28 U.S.C. §§ 1651 and 1781(b)(2).

Specifically, this Court requests that the Appropriate Judicial Authority of Indonesia, by the proper and usual process of Indonesia's courts, compel the below-named third-party to produce documents requested in **Attachment A** and be examined under oath through the person most knowledgeable about the topics in **Attachment B**:

                        PT Cosmoprof Indorkarya
                        Jalan Raya Bantumas KM 6, Namjarnegara
                        53471, Jawa Tengah, Indonesia

Based on representations made by Defendant (Respondent) KISS Nail Products, Inc.

1

("KISS"), this Court believes that justice cannot be served between the parties unless the evidence requested herein is made available by the Appropriate Judicial Authority of Indonesia for use in an investigation being conducted by the Commission into whether certain of KISS's artificial eyelash extension systems, products, and components thereof infringe two patents owned by Plaintiff (Complainant) Lashify, Inc. ("Lashify"). The Court also believes that PT Cosmoprof Indorkarya ("Cosmoprof") has knowledge regarding material facts and is in possession of documents that are highly relevant to KISS's defenses, including patent invalidity and non-infringement, that cannot be obtained without the assistance of the Appropriate Judicial Authority.

In light of the foregoing, this Court respectfully requests that the Appropriate Judicial Authority of Indonesia give this matter urgent attention in order that the evidence requested herein may be obtained before the period for fact discovery concludes on March 22, 2021, and available for use at the evidentiary hearing beginning on July 12, 2021.

## I. SUMMARY OF THIS ACTION

The nature of the proceeding for which the evidence is requested is a civil patent infringement action based upon complaint filed by Lashify on September 9, 2020. Lashify is accusing KISS of violating Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337) by importing certain artificial eyelash extension systems, products, and components thereof that allegedly infringe one or more claims of U.S. Patent Nos. 10,660,388 and 10,721,984 (collectively, "the Asserted Patents").

The Tariff Act of 1930 makes it illegal to import goods into the United States that, among other things, infringe a U.S. Patent. Pursuant to Lashify's complaint of patent infringement, the Commission instituted Investigation No. 337-TA-1226, which was assigned to Chief

Administrative Law Judge ("CALJ") Charles E. Bullock to preside over pre-hearing matters, conduct an evidentiary hearing, and issue an initial determination on the merits of the Investigation. The initial determination of CALJ Bullock is subject to possible review by the Commission, with a right to appeal to the U.S. Court of Appeals for the Federal Circuit and further appeal to the Supreme Court of the United States.

KISS has raised several defenses against Lashify's allegations of patent infringement, including invalidity of each patent, non-infringement, lack of domestic industry, estoppel, no unfair act, inequitable conduct, and patent misuse. This Letter Rogatory is intended to obtain information particularly relevant to KISS's asserted invalidity and non-infringement defenses, which is exclusively in the possession, custody, or control of Cosmoprof.

Cosmoprof began manufacturing Quattro eyelashes for KISS more than a year before the non-provisional applications for the Asserted Patents were filed. On information and belief, these prior art eyelashes are made using a similar manufacturing process to KISS's Falscara eyelashes, which are accused of infringing the Asserted Patents in this Investigation. Specifically, it is KISS's understanding that the manufacturing process for both eyelashes includes a step of heating the eyelashes to curl them. KISS further understands that it is the contention of Lashify that heating eyelashes to curl them practices at least one limitation of the asserted claims of the Asserted Patents. KISS therefore believes that Cosmoprof's manufacturing processes, and the materials used by Cosmoprof in these manufacturing processes, are relevant to the issue of invalidity and non-infringement of the Asserted Patents.

This information is necessary in the interest of justice for KISS to defend fairly against the allegations made by Complainants on the basis of invalidity and non-infringement.

3

## II. DOCUMENTS AND TESTIMONY REQUESTED

This Court requests that the Appropriate Judicial Authority of Indonesia compel Cosmoprof to produce to KISS copies of documents, communications, and other things responsive to the requests for production in **Attachment A** to this Letter Rogatory. This Court also requests that the Appropriate Judicial Authority of Indonesia compel Cosmoprof to appear and give a deposition on oral examination to answer the questions listed in **Attachment B** to this Letter Rogatory.

In addition to the privileges applicable under Indonesian laws, under the laws of the United States, Cosmoprof may refuse to answer a question or produce a document if such answer or document would disclose a confidential communication between him and his attorney(s) in connection with seeking legal advice.

The Court also understands the confidential nature of the documents requested from Cosmoprof, and there is a protective order in this case to protect the confidentiality of any documents Cosmoprof produces. The protective order is included as **Attachment C** to this Letter Rogatory.

Lastly, it is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter Rogatory, and be informed as soon as practicable of the time and place for the examination of Cosmoprof:

> Thomas C. Martin
> **BAKER BOTTS L.L.P.**
> 700 K Street, N.W.
> Washington, DC 20001-5692
> Phone: (202) 639-7700
> Fax: (202) 639-7890

## III. SPECIAL METHODS AND PROCEDURES REQUESTED TO BE FOLLOWED

To the extent permitted by the applicable laws of Indonesia, this Court respectfully

4

requests that the Appropriate Judicial Authority of Indonesia require that the following methods and procedures be followed in connection with the deposition and document production requested herein:

    a. Cosmoprof be required to designate one or more knowledgeable officers, directors, managing agents, employees, or other person(s) to testify on its behalf;

    b. The examination be conducted orally;

    c. The parties' legal representatives or their designees and a stenographer be permitted to be present during the examination;

    d. There be excluded from the examination all persons other than the parties' legal representatives or their designees, a stenographer, and any judicial officer of Indonesia;

    e. The stenographer be permitted to record verbatim the examination;

    f. The attorneys from the law firm of Baker Botts L.L.P., acting as legal representatives of KISS, or their designees, be permitted to conduct the examination;

    g. The attorneys or judicial officer conducting the examination be permitted to ask the questions listed in **Attachment B**;

    h. Seven (7) hours be allotted for the examination of the witness; and

    i. The witness be examined as soon as practicable, but before March 22, 2021, the date for the close of discovery; and

    j. The documentary evidence be produced or provided for inspection and copying at least ten (10) days before the examination.

## IV. URGENCY

A response is requested as soon as practicable. The reason for such urgency is that under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, investigations in the United States International Trade Commission must be completed "at the earliest practicable time." 19 U.S.C. § 1337(b)(1). Fact discovery in the 1226 Investigation concludes on March 22, 2021, and the evidentiary hearing is set to begin on July 12, 2021. Expedient treatment of this Letter Rogatory will allow the parties and the witness to arrange a mutually agreeable date for testimony and avoid disruption to the witness's business or personal plans.

## V. RECIPROCITY AND REIMBURSEMENT OF COSTS

This Court stands ready to extend similar assistance to the judicial tribunals in Indonesia. To the extent there are expenses associated with providing assistance in response to this Letter Rogatory, this Court will see that the Appropriate Judicial Authority of Indonesia is reimbursed by KISS.

| Date of Request:<br><br>_____ of _____, 2021 | Signature and Seal of Requesting Authority:<br><br>United States District Court Judge<br>U.S. District Court for the District of Columbia<br>Washington, D.C., United States of America |
|---|---|
| Attachments:<br><br>    Attachment A: Documents, Communications, and Things to be Produced by Cosmoprof<br>    Attachment B: Questions to Be Asked of Cosmoprof<br>    Attachment C: Protective Order<br>    Attachment D: Certified Translation of Letter Rogatory and All Attachments ||